UNITED STATES DISTRICT COURT                      <u>For Online Publication Only</u>
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
ALEXANDER HOLMES, 21-A-1957,

                                  Plaintiff,

                                                          <u>ORDER</u>
            -against-                                     23-cv-4140 (JMA) (LGD)

JEFFREY GRODER, DEVANE & GRODER, NUMC
HOSPITAL (NASSAU UNIVERITY MEDICAL CENTER);
NUHEALTH, in its own compacity [sic]; DAPHNEE
ALEXANDRE WALTHALL, RN, in her own compacity [sic]
of NUMC Hospital; MARLO WIESSMAN (Med Rec. Clerk) in
his own compacity [sic]; JOANNE DUFFY (Reg. Nurse 1) in
her own compacity [sic]; KYLE FREIMAN (Resident Physician)
in his own compacity [sic]; MICHEAL J. KAMPERVEEN, Special
Victims Squad Detective in Bethpage, NY, Suffolk County;
DR. LUIS ZAPATA at NUMC in his own compacity [sic];
BARBARA HEFFERNAN (RN) at NUMC in her own compacity
[sic]; ELIZABETH [indecipherable] (RN) at NUMC Hospital;
HYESIM KANG (RN) at NUMC, in his own compacity [sic];
DR. RACHEL ROBBINS at NUMC Hospital in her own compacity
[sic]; BARBARA GOLLAND (RN) at NUMC; CORRECTIONAL
OFFICER BINGAY of Woodbourne Correctional Facility in her
own compacity [sic]; CORRECTIONAL OFFICER VELASQUEZ
of Woodbourne Correctional Facility in her own compacity [sic];
SGT. GUETTIERREZ of Woodbourne Correctional Facility in
his own capacity; CORRECTIONAL OFFICER FRAZIER of
Woodbourne Correctional Facility in her own compacity [sic];
SOCC SOTO of Woodbourne Correction Facility in her own
compacity [sic]; ORC O'CONNER of Woodbourne Correctional
Facility in his own compacity [sic]; ALAT L. PARISI of Mid-State
Correction Facility; ORC/ASAT/SAP MS MOORE at Mid-State
Correctional Facility in her own compacity [sic]; SORC LISA
BALLOU of Mid-State Correctional Facility in her own compacity
[sic]; SORC CHIANCIO Of Mid-State Correctional Facility;
ANDREA SHIRY ANN THOMPSON (victim "allegedly" in her
own compacity [sic]); MS. MILLER ANDREA MILLER (victim's
mother); CHRISTINE N. GUIDA in her own compacity [sic];
ECAB BUREAU CAROLYN KELLY, Chief; ANTHONY BOUTIN,
MD; TERESA SILVERSMITH, MBA; RHIT [indecipherable];
JACQUELINE PHILBURN, Correspondence Supervisor;
NASSAU POLICE DEPARTMENT POLICE OFFICER TERRENCE
HELLER; POLICE OFFICER NICHOLAS OCCHINO; POLICE
OFFICER RICHARD CZECZTKA; POLICE OFFICER PATRICK

FILED
CLERK

12:46 pm, May 08, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ZUMMO; POLICE OFFICER COLLEEN LAMONTAIGNE;
POLICE OFFICER ROBERT ROSSETTI; SGT. SCOTT HARBISON;
DETECTIVE ERIC RIVERA; DETECTIVE TRACEY CABEY
VERLEY JANICE (04925) DA SPECIAL 904 CLINIC, in her own
compacity [sic];TAYESE VICTORIA (reg nurse); YASMIN
TABASSANI; DINA SPAGNUOLO, forensic scientist; SANDRA
MCNULTY, M.S., forensic scientist II; KATHY HOCHUL, Governor,
in her own compacity [sic]; ANTHONY ANNUCCI, Commissioner,
in his own compacity [sic]; JASON COWAN (3763-89), in his
own compacity [sic]; STANLEY (631-530-1191), in his own
compacity [sic]; YOLAND KANTY; DANIEL F. MARTUSCELLO,
III; DETECTIVE SALAZAR (Kamperveen's partner), in his own
compacity [sic]; CUATERINO, in his own compacity [sic]; DHS of
NEW YORK STATE (USCIS)(ICE)(INS); COMMANDING
OFFICER D; SGT. CARLO MALTEMPI, Special Victim Squad;
MICHELLE RENE THOMAS, in her own compacity [sic];
DESTINY LEONE HODGES, in her own compacity [sic];
DIAMOND MEDINA, in her own compacity [sic]; GARIS,
incarcerated individual, in his own compacity [sic]; KIMBLE
a/k/a/ STACEY in her own compacity [sic], incarcerated
individual; FERSINDA, Correctional Officer in Fishkill
Correctional Facility; SGT. DESICO/DESYCO/DISYC of
Fishkill Correctional Facility; SGT. OLSEN of Woodbourne
in his own compacity [sic]; CORRECTIONAL OFFICER
ALLIE HENDRICKSON of Woodbourne Correctional Facility,
in her own compacity [sic]; MEDICAL OF WOODBOURNE,
in their own compacity [sic]; MS. NGBODI of Fishkill Correctional
Facility; ORC SCOTT of Fishkill Correctional Facility; PREA
DEPARTMENT OF DOCC'S OFFICE OF SPECIAL
INVESTIGATIONS, in their own compacity [sic]; CRISTIN N.
CONNELL, Assistant District Attorney of Nassau County and
law practitioner in New York State in his own compacity [sic];
HONORABLE ANNE T. DONNELLY, District Attorney of
Nassau County; HON. ROBERT G. BOGLE of Nassau County
Supreme Court in his own compacity [sic]; NASSAU COUNTY
CORRECTIONAL FACILITY in their own compacity [sic];

Defendants.

------------------------------------------------------------------------------------X

**AZRACK, District Judge:**

       Before the Court is the Third Amended Complaint ("TAC") filed by incarcerated *pro se*

plaintiff Alexander Holmes ("Plaintiff") under 42 U.S.C. § 1983 ("Section 1983").   (*See* ECF No.

2

11.)   Plaintiff also moved to proceed *in forma pauperis* ("IFP") using the required Prisoner Litigation Authorization form ("PLA").[1]   (ECF Nos. 2-3.)

Upon review of the declaration accompanying Plaintiff's IFP application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee.   *See* 28 U.S.C. § 1915(a)(1).   Accordingly, for the below reasons, the Court grants Plaintiff's IFP application (ECF No. 2) but *sua sponte* dismisses the TAC (ECF No. 11) under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## I.   BACKGROUND[2]

Plaintiff's thirty-four-page, handwritten TAC purports to name around 73 defendants.[3] The Court admits that the TAC is difficult to decipher and to comprehend.   Plaintiff broadly alleges to have suffered a deprivation of his federal constitutional rights.   (TAC, at 6, ECF No. 11.)   According to the TAC, Plaintiff is a convicted and sentenced prisoner.[4]   (*Id.* at 7.)   He

---

[1]      Plaintiff filed his complaint, IFP application, and PLA in the United States District Court for the Northern District of New York on May 15, 2023. (ECF No. 1.)   By Order dated May 22, 2023, that court granted Plaintiff's IFP application for the limited purpose of the Order and transferred this case to the United State District Court for the Eastern District of New York.   (ECF No. 4.)   On June 5, 2023, it was assigned to the undersigned and, on August 28, 2023, Plaintiff filed an amended complaint as of right in accordance with Federal Rule of Civil Procedure 15. (ECF No. 9.) Plaintiff then filed an unauthorized second amended complaint on September 26, 2023, that appeared to be intended to supplement the amended complaint rather than replace it.   (ECF No. 10.)   Accordingly, by Order dated October 11, 2023, Plaintiff was directed to file single document entitled "Third Amended Complaint" that shall include all the defendants and claims that Plaintiff intends to pursue or to indicate in writing that the second amended complaint is intended as the operative pleading.   On November 2, 2023, Plaintiff timely filed the TAC.   (ECF No. 11.)

[2]      All material allegations in the complaint are assumed to be true for the purpose of this Order, *see, e.g., Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[3]      Plaintiff names 73 defendants in the first five pages of his TAC; however, beginning at page 9, he numbers and lists the defendants and there are 44 in that list.   In an abundance of caution, the Court liberally construes the TAC to include all the individuals and entities named by Plaintiff as defendants.

[4]      According to the information maintained by the New York State Office of Court Administration on its public website, Plaintiff pled guilty on April 7, 2021 to a violation of New York Penal Law § 130.65(1) sex abuse in the first

purportedly suffers from a condition called ovotestes, which he describes as causing him to have "gonads that contain both ovarian and testicular tissue."  (*Id.* at 20.)  In 2018, Plaintiff alleges that he met Andrea Shiry Ann Thompson ("Thompson") on social media and arranged to meet in person at Plaintiff's residence in Westbury, New York.  (*Id.* at 19–20.)  Plaintiff describes a sexual encounter in graphic detail that he alleges was consensual.  (*Id*. at 21–22.)  After that event, Plaintiff claims that he and Thompson went together to a bus stop where they met "a known preditor [sic] who raped in 1990," whom Plaintiff asked to help Thompson get home.  (*Id.* at 22.)  Plaintiff alleges that after he departed, Thompson was raped.  (*Id.* at 23.)  Plaintiff alleges that Thompson then visited Nassau University Medical Center ("NUMC") where she was treated by defendant Barbara Heffernan, RN.  (*Id.* at 23.)

Plaintiff next alleges that, on November 14, 2018, he was arrested for a probation violation "and not going to court on a drug sale case."  (*Id*. at 23–24.)  According to the TAC, Plaintiff was then detained at the Nassau County Correctional Center ("NCCC") where he was sent to "D2B 11 cell where [he] was surrounded by a whole bunch of serious mentally ill incarcerated individual[s]."  (*Id.* at 24.)  Plaintiff describes that his "mental illness is just depression I'm more sad than anything after losing my two month old brother getting hit by vehicle and on my death bed at 21 years of age losing everything I ever had . . . ."  (*Id*.)  Plaintiff describes that he "mostly stayed to myself" while on the cell block; yet, he describes several consensual sexual encounters

---

degree by forcible compulsion and was sentenced by New York State Supreme Court Justice Robert G. Bogle to a four-year term of imprisonment with five years of post-release supervision. https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=charge&docketNumber=yHazoCGSbpQinvkqyIs6C 5Q7ONJ_PLUS_Rq/yt2Zw4SCBqLY=&countyId=CdNRcneYJn6z/dkuWxKuAQ==&docketId=HnAG16a3nJ2rtD 2hOTSUdA==&docketDseq=T/O1YN_PLUS_BG65HkOeqEnpAkw==&defendantName=Holmes,+Alexander&co urt=Nassau+County+Court&courtType=U&recordType=U&recordNum=

with other inmates.   (*Id.* at 25.)

According to the TAC, Plaintiff then learned he was being held on a felony first degree rape charge, and he alleges that he did not commit that crime.   (*Id.* at 26.)   Plaintiff claims he was "maliciously prosecuted and wrongfully judged and not appropriately represented by the so called attorney Jeffrey Scott Groder." (*Id.*)   Plaintiff alleges that, following the indictment on the rape charge, he was "beat, put around gang members, forced to fight and raped on a repeated basis" at the NCCC. (*Id.*) Plaintiff also claims he was "pepper sprayed, boxed and had [his] food poisoned on numerous occasions." (*Id.*)

Next, Plaintiff contends that he has been complaining about having a hernia since 2015 and that he has not received adequate medical care at the NCCC.   (*Id.* at 27.)   Plaintiff references a November 2015 grievance and a 2019 grievance and claims that "nothing has been done."   (*Id.*) Plaintiff claims that he has a hernia in his "stomach that hurts bad I need to go to the hospital for surgery."   (*Id.*)   Yet Plaintiff next alleges that, in 2022, he was transferred to Mid-State Correctional Facility and was labeled as a Level 3 "Sex Offender for a crime I did not do."   (*Id.* at 29.)   There, Plaintiff claims he "ran into a lot of problems; major problems" but does not state what they were.   (*Id.*)   Instead, Plaintiff alleges that:

> "[E]veryone from NUMC nurses, doctors, RNs, detectives, police officers, judges, district attorneys, assistant district attorneys, SORC's, ORC's, Corrections officers, superintendents, the alleged victim, her pimp, Jason Cowan,[5] the Judge, the Grand Jury, Nassau County and DOCCS and some incarcerated individuals conspired against my rights [in] violation of 18 U.S.C. §1621 and 1622.   Also with deliberate indifference, atypical hardship."

(*Id.*)

---

[5]     Plaintiff alleges that this is the "predator" who sexually assaulted Thompson notwithstanding the fact that Plaintiff pled guilty to that crime.

Because of the foregoing, Plaintiff claims a deprivation of his First, Fifth, Eighth, and Fourteenth Amendment rights for which he seeks to recover a damages award in the total sum of $300 million.   (*Id*. at 31.)

## II.   DISCUSSION

### A.   *In Forma Pauperis* **Application**

Upon review of Plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee.   *See* 28 U.S.C. § 1915(a)(1).   Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.   (ECF No. 2.)

### B.   **Standard of Review**

The Prison Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents.   *See* 28 U.S.C. § 1915A(b)(1).   A district court may dismiss the complaint, or any portion of the complaint, that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."   *Id.*   Similarly, under the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.   28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *see also Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997).   The Court must read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest

6

arguments it suggests.  *See United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011) (*per curiam*) (citation omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). But a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*   While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

**C.**     **Section 1983**

Section 1983 provides that:

"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

42 U.S.C. § 1983.   Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).   To state a § 1983 claim, a plaintiff must allege two

7

essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted).   Second, the conduct complained of "must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."   *Id.* (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

### 1.    State Action

Plaintiff names several defendants who are not alleged to be state actors: Jeffrey Groder ("Groder"), Devane & Groder ("D&G"), Thompson, Andrea Miller ("Miller"), Jason Cowan ("Cowan"), Stanley, Destiny Leone Hodges ("Hodges"), Diamond Medina ("Medina"), Garis, and Kimble a/k/a Stacey.   Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").   But a private actor may act under color of state law for purposes of Section 1983 if they are a "'willful participant in joint activity with the State or its agents.'" *Ciambriello*, 292 F.3d at 324 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." *Anilao v. Spota*, 774 F. Supp. 2d 457, 498 (E.D.N.Y.

2011) (internal quotation marks and citation omitted).

Alternatively, Section 1983 liability may also extend to a private party who conspired with a state actor to violate the plaintiff's constitutional rights.  *See Ciambriello*, 292 F.3d at 323–24. To show that there was a conspiracy between a private actor and the state or its agents, a plaintiff must provide evidence of "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages."  *Id.* at 324–25.

Here, Plaintiff's sparse allegations do not suggest that any of these private defendants acted under color of state law or conspired with another state actor who did so.  (*See* TAC, *in toto*.) Accordingly, Plaintiff's Section 1983 claims against Groder, D&G, Thompson, Miller, Cowan, Stanley, Hodges, Medina, Garis, and Kimble a/k/a Stacey are implausible and are thus dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).[6]

### 2.    Eleventh Amendment Immunity

The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacities, without the state's consent to suit or an express or

---

[6]        Notably, it also appears that Plaintiff's Section 1983 claims that challenge conduct alleged to have occurred in 2015 through 2019 may be time-barred given his May 15, 2023, filing of the complaint.  (*See* ECF No. 1.)  There is a three-year statute of limitations applicable to such claims.  *See Cotto v. City of New York*, No. 17-2845, 2020 WL 1228765 (2d Cir. Mar. 13, 2020) ("Section 1983 actions filed in New York are ... subject to a three-year statute of limitations.") (citation omitted).  However, a failure to file a claim within the statute of limitations period is an affirmative defense, and *sua sponte* dismissal of Plaintiff's claims arising from conduct alleged to have occurred outside that period as time-barred is generally improper without first providing plaintiff notice and an opportunity to be heard.  *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (holding that it was error for the district court to *sua sponte* dismiss a prisoner's complaint with prejudice based on an anticipated statute of limitations defense without granting the prisoner notice and an opportunity to be heard).  "Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading."  *Harris v. Admin. for Children Servs.*, No. 20-CV-6832, 2020 WL 5983236, at *2 (S.D.N.Y. Oct. 7, 2020) (citing *Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds)).  Given the substantive defects in Plaintiff's claims, the Court need not reach this timeliness issue.

statutory waiver of immunity. *See Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citation omitted). "It is well-established that New York [State] has not consented to § 1983 suits in federal court . . . and that § 1983 was not intended to override a state's sovereign immunity." *Mamot v. Board of Regents*, 367 F. App'x 192 (2d Cir. 2010) (citations omitted); *Jimenez v. Chung*, No. 22-CV-3090(JMA)(AYS), 2023 WL 2561789, at *2 (E.D.N.Y. Mar. 17, 2023). The doctrine extends to government entities that are "arms of the state." *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134–35 (2d Cir. 2015).

Here, Plaintiff's claims for money damages against several state entities and officials are barred by the Eleventh Amendment. *See Will*, 491 U.S. at 71. This includes Plaintiff's claims against: (1) Governor Hochul; (2) former Acting Commissioner Annucci of the New York Department of Corrections and Community Supervision; (3) Commissioner Canty of the State of New York Commission of Correction's Citizen Policy and Complaint Review Council; (4) Judge Bogle; (5) prosecutors involved in bringing and prosecuting state criminal charges against Plaintiff, DA Donnelly, and ADA Connell. *See Darcy v. Lippman*, 356 F. App'x 434, 436–37 (2d Cir. 2009) (holding that the Eleventh Amendment bars "claim[s] for damages against the individual defendants in their official capacities" as state officials); *Tsabbar v. Booth*, 115 F. App'x 513, 514 (2d Cir. 2004) ("claims against the New York State Defendants, challenging the conduct of New York State judges, are barred by either the Eleventh Amendment to the United States Constitution or the doctrine of judicial immunity, or both."); *Torres v. Spota*, No. 19CV00296JMAGRB, 2019 WL 3035522, at *3 n.4 (E.D.N.Y. July 10, 2019) (holding that when

10

a district attorney decides whether to prosecute, that person is representing the State and is entitled to invoke Eleventh Amendment immunity (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993))).

Accordingly, Plaintiff's Section 1983 claims against Governor Hochul, former Acting Commissioner Annucci of the New York Department of Corrections and Community Supervision, Commissioner Canty of the State of New York Commission of Correction's Citizen Policy and Complaint Review Council, Judge Bogle, Nassau County District Attorney Donnelly, and Nassau County Assistant District Attorney Connell in their official capacities are barred by the Eleventh Amendment are thus dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (*per curiam*) ("A complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit.") (citation and quotation marks omitted).

### 3.    Judicial Immunity

"[J]udges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted).   The Supreme Court instructs that this immunity is "from suit, not just from ultimate assessment of damages."   *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citation omitted).   Such immunity from money damages claims applies to state court judges who are sued in federal court under 42 U.S.C. § 1983 for action taken in the judge's judicial capacity.   *See Sundwall v. Leuba*, 28 F. App'x 11, *12–13 (2d Cir. 2001).   The 1996 Congressional amendments to Section 1983 also bar claims for injunctive relief against judges for actions taken in their judicial capacity, providing that "'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or

declaratory relief was unavailable.'" *Montero*, 171 F.3d at 761 (quoting Federal Courts Improvement Act of 1996, Pub. L. No. 104–317, § 309(c), 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983)).   Thus, a judge is immune from claims for money damages or injunctive relief unless the challenged conduct was taken beyond the judge's judicial capacity, or "'in the complete absence of all jurisdiction.'" *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 711 (S.D.N.Y. 2011) (quoting *Mireles*, 502 U.S. at 11).

Here, Plaintiff names Judge Bogle as a defendant.   Judge Bogle presided over Plaintiff's underlying state criminal case and sentenced Plaintiff after his guilty plea.[7]   Although Plaintiff includes no allegations against Judge Bogle, to the extent Plaintiff challenges the sentence imposed or rulings made by Judge Bogle during the underlying state court criminal prosecution, such actions were undertaken within Judge Bogle's judicial capacity.   Nor has Plaintiff alleged any facts from which this Court could reasonably conclude that Judge Bogle acted beyond his judicial capacity or in the complete absence of all jurisdiction.   (*See generally* TAC.)   As such, Judge Bogle is entitled to absolute judicial immunity.   Thus, Plaintiff's Section 1983 claim against Judge Bogle is not plausible and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

### 4.    Prosecutorial Immunity

Prosecutors have absolute immunity from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative but are "intimately

---

[7] *See, e.g.,*
https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=appearance&docketNumber=yHazoCGSbpQinvkqy
Is6C5Q7ONJ_PLUS_Rq/yt2Zw4SCBqLY=&countyId=CdNRcneYJn6z/dkuWxKuAQ==&docketId=HnAG16a3nJ
2rtD2hOTSUdA==&docketDseq=T/O1YN_PLUS_BG65HkOeqEnpAkw==&defendantName=Holmes,+Alexander
&court=Nassau+County+Court&courtType=U&recordType=U&recordNum=

associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013).   The actions for which a prosecutor is entitled to absolute immunity "include deciding whether to bring charges and presenting a case to a grand jury or a court."   *Simon*, 727 F.3d at 171; *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005).   Additionally, prosecutors have absolute immunity from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial."   *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70–72 (2d Cir. 2019) (holding that prosecutors' direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing *Goldstein*, 555 U.S. at 344)).

Plaintiff names Nassau County DA Donnelly and Nassau ADA Connell as defendants—apparently challenging their decision to charge him and to prosecute him.   (*See* TAC at 26.)   The decision to bring and pursue such charges fall squarely within the scope of the judicial phase of the criminal process for which the prosecutors have absolute immunity from suit.   Accordingly, even if Plaintiff had alleged a plausible malicious prosecution claim, which he has not,[8] DA Donnelly and ADA Connell are shielded from suit by absolute prosecutorial immunity.   Thus, these claims are frivolous and thus are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).   *See Collazo v. Pagano*, 656 F.3d 131, 134 n.2 (2d Cir. 2011) (holding that claim

---

[8]      To state a claim for malicious prosecution, a plaintiff must allege that criminal proceedings were initiated or continued against him, with malice and without probable cause, and were terminated in his favor. *See Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016); *Thompson v. Clark*, 596 U.S. 36, 39 (2022) (holding that a plaintiff bringing a malicious prosecution claim needs to show that the criminal prosecution ended with a favorable termination, such as without a conviction). Plaintiff's guilty plea is fatal to his malicious prosecution claim and renders it implausible.

against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process") (internal quotations and citation omitted)).

### 5.   Individual Capacity Claims

Plaintiff alleges that his claims are brought against nearly all the named Defendants in their "own compacity," which the Court understands to be intended as alleging individual capacity claims.   (TAC at 1–5, 9–17.)   Plaintiff's sparse allegations suggest that he seeks to impose liability upon Judge Bogle, DA Donnelly, ADA Connell, Gov. Hochul, Commissioner Canty, Commissioner Annucci, and others, for actions taken in their respective official capacities.   But Plaintiff's claims against each Defendant are barred by judicial immunity, prosecutorial immunity, or Eleventh Amendment sovereign immunity as discussed above.

Nor has Plaintiff alleged any personal involvement by any of the Defendants and has included no facts of conduct or inaction attributable to any Defendant.   (*See infra* at 14–15, discussing the lack of allegations of personal involvement.)   To the extent that Plaintiff seeks to bring claims against these Defendants for actions taken in their individual capacity, the TAC fails to allege any plausible basis for individual liability against any of these Defendants. Consequently, any such claims against the Defendants are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### 6.   Personal Involvement

In an action brought under Section 1983, a plaintiff must allege the personal involvement of each defendant in the purported constitutional deprivation.   *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).   An "individual cannot be held liable for damages under [Section] 1983 'merely because he held a high position of authority.'"   *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir.

14

2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)).   Instead, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution'" or laws of the United States.   *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).   When a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law.   *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (citing *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997)).

Here, although Plaintiff names some 73 defendants, there are no factual allegations of conduct or inaction attributable to any of them, much less how they are liable for the claims alleged.   Indeed, apart from the caption and the identification of parties section of the complaint, very few are mentioned in the body of the TAC and, of those, Plaintiff has not alleged how their conduct or inaction deprived him of some constitutional right.   (*See* TAC., ECF No. 11, *in toto*.) Affording the *pro se* complaint a liberal construction, Plaintiff has not plausibly alleged personal involvement of any defendant after being afforded ample opportunity to do so.   Therefore, Plaintiff's Section 1983 claims are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(i)–(ii), 1915A(b)(1).

### 7.    Favorable Termination Doctrine

To the extent Plaintiff attempts to set forth a claim emanating from the propriety of his conviction, said claim is barred by the "favorable termination doctrine."   In *Heck v. Humphrey*, the Supreme Court held:

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

512 U.S. 477, 486–87 (1994); *see also Warren v. Fischl*, 674 F. App'x 71, 73 (2d Cir. 2017) (28 U.S.C. § 1915(e) dismissal was appropriate under *Heck* because success on plaintiff's claims against Nassau County police officers and prosecutors "would necessarily invalidate plaintiff's convictions on the counts that had not been reversed or vacated." (cleaned up)).

Here, Plaintiff contends that despite his conviction, he did not commit his offense conduct. Plaintiff does not allege, however, that his conviction has been reversed or vacated.   (TAC, ECF No. 11, at 26 and *in toto*.)   It is well-established under *Heck* that a plaintiff must allege and prove that his state court conviction or sentence has been invalidated before he can seek and recover damages under Section 1983.   *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("A claim for damages based on a conviction or sentence that has not been invalidated ... is not cognizable under § 1983.") (citing *Heck*, 512 U.S. at 486–87).   Thus, *Heck*'s bar precludes review of Plaintiff's Section 1983 claims.   Indeed, Plaintiff's exclusive avenue to pursue his claims is through a properly exhausted and timely filed petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   *See Heck*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *see also Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only § 2254(b) with its exhaustion requirement may be employed.").   Accordingly, Plaintiff's Section 1983 claims are not plausible and are thus dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).   Such dismissal is without prejudice to Plaintiff properly filing a petition seeking a writ of habeas corpus following his proper exhaustion of any such claims in support a petition brought pursuant to 28 U.S.C. § 2254.

16

8.      **Municipal Liability**

Although Plaintiff names the NCCC and the Medical Department at Woodbourne Correctional Facility, these defendants are non-suable entities.   Each constitute an administrative arm of their municipality.   "'Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'"   *Eckert v. Toulon*, No. 21-CV-02650, 2022 WL 74158, at *4 (E.D.N.Y. Jan. 6, 2022) (quoting *Rose v. Cnty. of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012)); *see Gleeson v. Cnty. of Nassau*, No. 15-CV-6487, 2019 WL 4754326, at *14 (E.D.N.Y. Sept. 30, 2019) (finding the Jail and Nassau County Sheriff's Department were not proper parties because they are administrative arms of Nassau County).   Accordingly, Plaintiff's claims against the NCCC and the Medical Department at Woodbourne Correctional Facility fail to state plausible claims and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).   But considering Plaintiff's *pro se* status, the Court has considered whether the TAC plausibly asserts a claim against these municipalities, NUMC, or NuHealth.   For the below reasons, it does not.

To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)).   Thus, "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality."   *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012).   "The Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of *respondeat superior*.'"   *Roe*, 542 F.3d at 36

(citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)).

Plaintiff has alleged no facts from which this Court could reasonably construe that any of the challenged conduct was undertaken pursuant to a municipal custom, policy, or practice. Thus, Plaintiff's Section 1983 claims against the NUMC, NUHealth,[9] Medical at Woodbourne, and the NCCC, and as construed against the municipalities, are implausible and are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

**D.    Claims Under 18 U.S.C. §§ 1621–1622**

Plaintiff purports to allege claims under two provisions of the United States Criminal Code—18 U.S.C. §§ 1621 (perjury) and 1622 (subornation of perjury). But "violations of the Criminal Code may not serve as the basis for a civil cause of action unless the statute includes an express or implied private right of action." *Sun-Ming Sheu v. Centex Home Equity*, No. 06-CV-2235 (ARR), 2006 WL 8452032, at *2 (E.D.N.Y. Sept. 16, 2006) (citations omitted). Neither of these provisions include an express or implied private right of action. *See D'Amato v. Rattoballi*, 83 F. App'x 359, 360 (2d Cir. 2003) (summary order) (18 U.S.C. § 1622 "do[es] not provide for civil remedies"); *Ippolito v. Meisel*, 958 F. Supp. 155, 167 (S.D.N.Y. 1997) (no civil liability for violations of 18 U.S.C. § 1621). Thus, Plaintiff's claims brought under Title 18 are not plausible and are thus dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

---

[9]    Public benefit corporations, such as the NUMC and NUHealth, are municipal entities for the purpose of Section 1983. *See, e.g., Woodson v. Henning,* No. 23-CV-6647(JMA)(LGD), 2023 WL 8189800, at *4 (E.D.N.Y. Nov. 27, 2023) (It is well-established that municipalities, such as Nassau County and NUMC, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort.") (quoting *Monell*, 436 U.S. at 692); *McIntyre v. NuHealth–Nassau University Medical Center,* No. 11-CV-3934(SJF) (AKT), 2011 WL 4434227, at *4 (E.D.N.Y. Sept. 19, 2011) (citing *McGrath v. Nassau Health Care Corp.,* 217 F.Supp.2d 319, 330 (E.D.N.Y.2002) ("Public benefit corporations are governmental entities for Section 1983's purposes.")); *see also Estes–El v. N.Y. State Dep't of Motor Vehicles Office of Administrative Adjudication Traffic Violation Bureau,* No. 95 Civ. 3454, 1997 WL 342481, at * 4 (S.D.N.Y. June 23, 1997) (holding that the liability of a public benefit corporation under Section 1983 "is governed by the principles set forth in *Monell* . . . and its progeny.")

E.      **State-Law Claims**

Having dismissed Plaintiff's federal claims, the Court declines to exercise subject matter jurisdiction over any potential state-law claims that can be liberally construed from Plaintiff's allegations in the TAC.  *See Sylla v. City of New York*, 04-CV-5692, 2005 WL 3336460, *8 (E.D.N.Y. Dec. 8, 2005) (citing *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") (alteration in original).

### III.     LEAVE TO AMEND

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  Indeed, a *pro se* plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint."  *Boddie v. N.Y. State Div. of Parole*, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting *Frazier v. Coughlin*, 850 F.2d 129, 130 (2d Cir. 1988)).  Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."  *Id.* (citation omitted).

Here, Plaintiff has already been afforded that opportunity and the present pleading is his third attempt to plausibly allege a claim for relief.  Further, amendment of Plaintiff's claims relating to his prosecution and conviction would be futile because the dismissal of these claims is for substantive reasons that could not be cured presently with better pleading.  But in an abundance of caution and considering Plaintiff's *pro se* status, the Court affords Plaintiff one final opportunity to plausibly allege claims against Nassau County or any individuals arising from or

19

relating to his detention at the NCCC. Any such claims shall be alleged by filing a "Fourth Amended Complaint," clearly labeled as such, within thirty (30) days from the date of this Order. The Court declines to grant Plaintiff leave to further amend his complaint in this Court regarding any other defendant or subject.[10]

## IV.    CONCLUSION

For all these reasons, Plaintiff's application to proceed *in forma pauperis* is granted.   (ECF No. 2.)   But Plaintiff's Section 1983 claims are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) for failure to state a claim for relief, except for his claims relating to his detention at the NCCC.   Such claims are dismissed without prejudice and with leave to file an amended complaint within thirty (30) days from the date of this Order. The Court declines to extend supplemental jurisdiction over any state-law claims that may liberally be construed from the TAC.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the Plaintiff at his last known address and note such mailing on the docket.

**SO ORDERED.**

---

[10]      Notably, Plaintiff has had the opportunity to and has pursued claims, some of which are repetitive of those in the present TAC, in the United States District Court for the Northern District of New York. *See* 22-CV-1123(MAD)(DJS) *Holmes v. Fersinda, et al.*; 23-CV-00365(MAD)(DJS) *Holmes v. Howard et al.*; 24-CV-0004(AMN)(DJS) *Holmes v. Green Haven Corr. Fac. et al.*; 24-CV-00249(MAD)(CFH) *Holmes v. Torres, et al.* (transferred to the Southern District by Order dated April 4, 2024). To the extent that Plaintiff elects to pursue his conditions of confinement claims arising from his detention at the Woodbourne or Fishkill Correctional Facilities, such claims are properly brought in the United States District Court for the Southern District of New York, *see* 28 U.S.C. § 112(b), and Plaintiff may seek to pursue them in his pending case there under docket number 24-cv-3062.

Dated:   May 8, 2024
Central Islip, New York

_____/s/ JMA_____
Joan M. Azrack
United States District Judge